**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**EARTHA MAE HARRIELL,**

        **Plaintiff,**

**-vs-**                                                **Case No. 6:04-cv-905-Orl-DAB**

**DIGIBELLY, INC., ERIC B. DELISLE,**

        **Defendants.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 34)**
>
> **FILED:**     **August 29, 2005**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Plaintiff is suing Defendants for wages due under the Fair Labor Standards Act. 29 U.S.C.A. § 201 *et seq.,* herein "the FLSA"). Plaintiff seeks a default judgment following the Court's granting of her motion for sanctions for Defendants' failure to participate in defense of the claims against them, failure to participate in discovery, and failure to schedule mediation[1]. Doc. No. 31. Defendants have

---

[1] Defendants have been represented by counsel, John Benford, Esq., who previously moved to withdraw based on Defendants' failure to cooperate with him to defend the case. *See* Doc. No. 23. The Court previously warned Defendants that their continued failure to cooperate with counsel would cause them to suffer the consequences of their compromised legal representation, and could result in a having a default judgment entered against them. Doc. Nos. 23 at 1-2, 31.

not filed a response to Plaintiff's Motion for Entry of Default Judgment.  Plaintiff now moves for a default judgment for wages owed, fees and costs incurred, and has filed supporting Affidavits (Doc. No. 34, Ex. 1, 2); the matter is now ripe for resolution.

The Court's sanction of default (Doc. No. 31) served to admit the well pled allegations of the Complaint.  Plaintiff was employed by Defendant Digibelly, Inc. and Defendant Eric B. Delisle (a statutory employer under the FLSA and one with operational control) from March 23, 2004 to April 15, 2004, but received no compensation for the work performed for the company.  Doc. No. 1 ¶ 9, 34-1 ¶ 2 & 5.  From March 23, 2004 to March 31, 2004, during her employment, Plaintiff's regular rate of pay was $8.00 per hour plus $10.00 for every appointment set and $12.00 per hour for overtime; she worked a total of 13.5 hours of overtime for overtime due of $162.00.  *Id.* ¶ 3, 7.  From April 1, 2004 to April 15, 2004, she was to be paid commission of $10 per appointment set and $10 when the sale was completed and overtime of $7.73 per hour; she worked 5 hours of overtime for overtime due of $38.65.  *Id*. ¶ 6, 8.  Plaintiff was entitled to at least minimum wage from March 23, 2004 to April 15, 2004 for 120 hours (6 hours per day for 20 days) worked, for a total of $618.00.  Defendants willfully failed to pay Plaintiff minimum wage totaling $618.00 and overtime totaling $200.65.  The Court having found Defendants in default, Plaintiff is entitled to the entry of judgment on the issue of liability for minimum wages and overtime wages in the amount of $818.65 and liquidated damages of an equal amount, for a total of $1,637.30.

In FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).  This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon*

*& Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases.").  As the mandatory language of the Act says "in addition to any judgment", it is clear to this Court that a prevailing plaintiff means a plaintiff that has at least obtained a judgment, regardless of the amount of the recovery.  This is in keeping with the legislative history of the Act, which reflects Congress' desire to protect workers and discourage unscrupulous employers."

Plaintiff seeks to recover $ 5,053.00 for attorney's fees.  Plaintiff's counsel avers that he and his partner spent 14.2 hours of time prosecuting this matter, at an hourly rate of $300.00 per hour; an associate spent 1.5 hours at $200 per hour; and his paralegal spent 3.0 hours at a rate of $95.00 per hour.  Doc. No. 34-2.  Counsel has presented an itemized list of the services provide by his firm, and the time spent by attorneys and the paralegal appears reasonable for the tasks completed.  *Id*.  The Court finds $250.00 per hour to be a reasonable rate for senior attorney work and $150 per hour for junior attorney level work in this FLSA case.  "Having considered the amount and nature of damages awarded, the court may lawfully award low fees or no fees without reciting the 12 factors bearing on reasonableness." *Farrar v. Hobby,* 506 U.S. 103, 115 (1992).

In view of all of the foregoing, it is **ORDERED** that final default judgment be entered in Plaintiff's favor against Defendants Digibelly, Inc. and Eric B. Delisle, jointly and severally, in the amount of **$1,637.30** in damages and **$4,060** in attorney's fees and that the case thereafter be closed.

**DONE** and **ORDERED** in Orlando, Florida on September 19, 2005.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record